IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULISSA GREEN, on behalf of her minor child, DANASHA MCCORY, and as next friend of her minor grandchild, BAYLIE BELL, | ) ) ) ) Case No. 22-CV-02918 |
| Plaintiffs, | ) ) Hon. Andrea R. Wood, ) District Judge |
| v. | ) ) Hon. Heather K. McShain, ) Magistrate Judge |
| THE CITY OF CHICAGO, *et al.* | ) ) Jury Trial Demanded |
| Defendants. | ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO BIFURCATE *MONELL* CLAIMS**

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
## Eastern Division

Jasmine Vale, et al.

        Plaintiff,

v.

City of Chicago, et al.

        Defendant.

Case No.: 1:20−cv−05037
Honorable Martha M. Pacold

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, August 23, 2022:

    MINUTE entry before the Honorable Maria Valdez: Defendants' Joint Motion to Bifurcate Monell Claims and Stay Discovery and Trial on Those Claims [99] is denied with respect to Defendants' request to stay litigation of Monell issues generally, denied with respect to Defendants' request to stay discovery on Monell issues, and denied without prejudice with respect to Defendants' request to bifurcate Plaintiffs' Monell claims at trial. Defendants' principal arguments boil down to an assertion that Plaintiffs' Monell claims should be bifurcated in their entirety because discovery on Monell issues will be burdensome. However, Plaintiffs represent to the Court that most of the Monell discovery needed in this case "has already been discovered as a result of Plaintiffs' counsel's litigation of identical Monell claims against the City in analogous cases with overlapping Monell periods." (Pls.' Resp. at 3.) Specifically, the City recently completed full discovery on all aspects of substantially the same Monell claim in Mendez v. City of Chicago, 1:18−cv−05560 (N.D. Ill.) and has nearly completed all Monell discovery in Tate v. City of Chicago, 1:18−cv−07439 (N.D. Ill.). Where, as here, a municipality is engaged in or has already completed discovery on identical or similar Monell claims in another case, courts in this district have denied bifurcation motions. See Maysonet v. Guevara, No. 18−CV−2342, 2020 WL 3100840, at *3 (N.D. Ill. June 11, 2020) ("Monell discovery including written policies and training manuals... have or will be produced in other cases involving a similar group of Chicago Police Officers.... Although the discovery in these cases does not completely overlap in terms of time period or subject matter, it overlaps enough to decrease the burden of discovery.") (citations omitted); Rodriguez v. City of Chicago, No. 18−CV−7951, 2019 WL 4278501, at *2 (N.D. Ill. Sept. 10, 2019) ("[This case] is one of several cases alleging the same pattern and practice... against a similar group of Chicago Police Officers that is currently being litigated in several courts in the Northern District of Illinois.... As such, much of the discovery on Monell liability has already been done by the City at least once, and it will not need to expend significant time or resources to complete it."). Under the circumstances, the Court reaches the same determination and finds that bifurcating Plaintiffs#039; Monell claims will not meaningfully expedite or economize this case. The Court notes that, by pointing to the discovery that has been accomplished in Mendez and Tate as grounds for denying Defendants' instant motion, Plaintiffs have essentially represented to the Court that they will not seek to significantly expand Monell discovery in this case beyond what has

already been procured in Mendez and Tate. The Court also expects that the parties in this case will not relitigate discovery disputes that were already adjudicated in Mendez and Tate. The Court will not at this juncture decide the propriety of bifurcating the trial of this matter. Accordingly, Defendants' request for bifurcation of trial is denied at this time, but may be renewed when the trial of this case approaches. See Est. of Loury v. City of Chicago, No. 16–CV–04452, 2017 WL 1425594, at *4 (N.D. Ill. Apr. 20, 2017) ("Discovery proceeding simultaneously on all claims [including Plaintiff's Monell claims] does not prejudice Defendants and if Defendants still have concerns of undue prejudice as trial approaches, the Court at that later stage can still order the bifurcation of the trial."). The Court will be in a better position to assess Defendants' complaints of prejudice at that later date. See Rodriguez, 2019 WL 4278501 at *2 ("[T]he Court believes that a renewed motion to bifurcate trial might be viable after the case progresses through discovery and any dispositive motions."). Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.