IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULISSA GREEN, on behalf of her minor child, DANASHA MCCORY, and as next friend of her minor grandchild, BAYLIE BELL, ) ) ) ) | Case No. 22-CV-02918 |
| Plaintiffs, ) ) ) | Hon. Andrea R. Wood, District Judge |
| v. ) ) | Hon. Heather K. McShain, Magistrate Judge |
| THE CITY OF CHICAGO, *et al.* ) ) | Jury Trial Demanded |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' JOINT MOTION TO BIFURCATE *MONELL* CLAIMS**

# EXHIBIT H

Case: 1:19-cv-02040 Document #: 125 Filed: 06/14/20 Page 1 of 4 PageID #:1906

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE BURES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 19 C 2040 |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER ON PLAINTIFFS' AMENDED MOTION TO COMPEL

The plaintiffs in this case allege that while executing a search warrant, Chicago police officers pointed their guns repeatedly at a four-year-old, a seven-year-old child, and other children and adults who posed no threat to them; smashed a child's birthday cake; and shouted profanity and insults at the adult plaintiffs. No one was arrested, and the target of the warrant was not found; according to plaintiffs, he had not lived there for years. Plaintiffs have sued the officers and the City of Chicago. For their *Monell* claim against the City, plaintiffs allege that the officers' actions and the plaintiffs' injuries were caused by one or more of the following policies: a widespread pattern of using excessive force against children of color age fourteen and under and their adult family members in front of the children; failure to investigate and discipline officers for incidents involving excessive force against children; failure to have a policy or training requiring officers to refrain from using unreasonable force against children; and permitting a "code of silence" to exist among officers, thereby facilitating the first two alleged policies.

The parties dispute the propriety of certain topics in plaintiffs' Rule 30(b)(6) deposition notice directed toward the *Monell* claim. Plaintiffs have moved to compel defendant City of Chicago to produce witnesses on 7 disputed topics in plaintiffs' Rule 30(b)(6) deposition notice: topics 2, 3, 4, 14, 15, 16, and 17. The Court rules as follows.

1. In topic 2, plaintiffs ask the City to produce a witness to testify regarding

whether certain persons claimed to be policymakers were aware of certain findings in the U.S. Department of Justice's 2017 report on its investigation of the Chicago Police Department. A lot of ink is spilled in the parties' submissions over whether, and the extent to which, particular findings in the DOJ report are relevant to plaintiffs' claims in this case. But assuming relevance, the specifics of which the Court need not adjudicate at this juncture, plaintiffs do not need a witness on this Rule 30(b)(6) topic. The City has admitted—and even without the admission, it is quite obvious from publicly-available information—that the City's policymakers were fully aware of the DOJ report and its contents upon its issuance. As the City states in its response, "the report . . . has been publicly acknowledged by high ranking officials in public resolutions, speeches, the Consent Decree [with the Illinois Attorney General], and requests to admit in this case." Def.'s Resp. at 3. The Court declines to enforce topic 2. (The flip side of this, of course, is that if the City attempts to waffle later in this litigation on the question of the awareness of policymakers of the pertinent findings in the report, it will pay a price, including immediate production of a Rule 30(b)(6) witness on the topic and likely other sanctions).

    2. Topics 3 and 4 concern the Police Accountability Task Force established by Chicago's previous Mayor and chaired by its current Mayor (who was then the President of the Chicago Police Board), and the Task Force's April 2016 report on policing in Chicago. Topic 3 concerns information regarding the establishment and composition of the Task Force and one of its working groups, and topic 4 concerns City policymakers' review and awareness of certain allegedly relevant findings in the report. Plaintiffs' contention is that findings in the report regarding the use of force against children are relevant in that they put the City on notice of certain improper practices, which in turn tends to show that the City's claimed failure to develop policies to deal with those practices amounted to deliberate indifference. At a high level of generality, that is a viable theory of relevance. It is premature at this juncture to assess exactly how particular details of the report bear on the plaintiffs' claims; this is better done during a phase of the case—perhaps summary judgment or a motion *in limine*—in which there will be more surrounding context. But assuming relevance, it escapes the Court why plaintiffs need a Rule 30(b)(6) deposition on these topics. The composition of the Task

Force is a matter of public record and likely can be established, assuming it is necessary to do so, via interrogatories or requests to admit. There is no good reason to go through the much more cumbersome process of a Rule 30(b)(6) deposition. And as for the City's awareness of the report, as the City itself states, it "has already admitted that high ranking officials of several different arms of the City were given access to the report." Def.'s Resp. at 22. As a result, a Rule 30(b)(6) deposition is not required—albeit with the same admonition to the City that the Court gave with regard to Topic 2.

3. In Topic 17, plaintiffs ask the City to designate a witness to state whether the City committed to any changes in policy and training regarding the use of force and children in the aforementioned consent decree. Again, however, no witness is legitimately needed on this: the consent decree is a matter of public record, and its terms are what they are. The Court declines to enforce this topic.

4. Topics 14 and 15 concern whether the City implemented any changes in policy or training regarding the use of force vis-à-vis children after the issuance of the DOJ report and the PATF report. This is a proper topic for a Rule 30(b)(6) deposition. The Court will adjudicate at an appropriate point in the litigation whether and the extent to which the plaintiffs' contentions in this regard entitle them to proceed on their *Monell* claim; for now, suffice it to say that plaintiffs have articulated a viable theory of relevance and materiality. The Court enforces these topics. Plaintiffs need to understand, however, that by doing this the Court is not authorizing a Rule 30(b)(6) deposition in which the plaintiffs may attempt to force the City's designated witness to agree with plaintiffs' theory of relevance and materiality. Rather, plaintiffs are confined to the terms of the two topics.

5. Topic 16 concerns whether Chicago's police superintendents were aware, as of particular points in time, of standards for policing children and in the presence of children promulgated by the International Association of Chiefs of Police and whether they took any action to implement these standards. The City argues that this is not relevant. The Court disagrees; generally-accepted standards may be relevant, though not dispositive, in determining the reasonableness of a governmental actor's conduct. *See generally Mays v. Dart*, No. 20 C 2134, 2020 WL 1987007, at *26-27 (N.D. Ill. Apr. 27, 2020) (Kennelly, J.). The Court enforces this topic.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' amended motion to compel [121] in part and denies it in part. Defendant City of Chicago is directed to produce witnesses to testify regarding Topics 14, 15, and 16 of plaintiffs' second amended Rule 30(b)(6) notice, but the Court declines to direct the City to produce witnesses to testify regarding Topics 2, 3, 4, and 17 of that notice.

Date: June 14, 2020

_____
MATTHEW F. KENNELLY
United States District Judge